IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

BAYLOR HEALTH CARE SYSTEM,          §
                                    §
                        Plaintiff,  §
                                    §   Misc. No. 3:13-MC-054-D
VS.                                 §
                                    §
BEECH STREET CORPORATION,           §
                                    §
                        Defendant.  §

MEMORANDUM OPINION
AND ORDER

Baylor Health Care System ("BHCS") and Beech Street Corporation ("Beech Street") are at an impasse concerning the appointment of the third arbitrator to a panel that will arbitrate the parties' contract dispute. Pursuant to the parties' arbitration agreement, BHCS applies to the Chief Judge of this court for the appointment of a third arbitrator. For the reasons that follow, the court, acting under 9 U.S.C. § 5, grants the application.

I

BHCS and Beech Street are in the preliminary stage of arbitrating a contract dispute regarding Beech Street's contract to negotiate on BHCS's behalf with health insurance plans. Their contract includes an arbitration agreement (the "Agreement"). The Agreement provides, in pertinent part, for a panel of three arbitrators to arbitrate unresolved claims or controversies. Under the Agreement, each party appoints one arbitrator and the two arbitrators appoint a third. The appointment procedure begins when one party makes a demand for arbitration and identifies the arbitrator the party has chosen. The opposing party

then has 45 days after receipt of the demand to appoint a second arbitrator and notify the other party of the appointment.  If the opposing party fails to appoint an arbitrator and provide the required notice, "the Party making the demand shall have the right to apply to the Chief Judge of the United States District Court for the Northern District of Texas—Dallas Division for an appointment of an Arbitrator."  P. App. Exh. A at 22.  The Agreement provides:

> [t]he two Arbitrators appointed or selected as set forth in [the preceding section] shall appoint a third Arbitrator as soon as practicable, or, if they do not do so within forty-five (45) calendar days after notice is given to the Parties of the appointment of the second Arbitrator, any Party may apply to the Chief Judge of the United States District Court for the Northern District of Texas—Dallas Division for an appointment of a third Arbitrator.

*Id.*

BHCS filed a demand for arbitration in August 2012 and appointed the first arbitrator. Beech Street provided notice to BHCS in October 2012 that it had appointed the second arbitrator.  The two party-appointed arbitrators cannot agree on a third arbitrator.  In April 2013 BHCS applied to this court for the appointment of a third arbitrator.[1]  Beech Street

---

[1]This miscellaneous matter was initially assigned to another district judge and then transferred to the undersigned as Chief Judge.  The Chief Judge of this court does not necessarily have his duty station in the Dallas Division.  But because the undersigned does have his duty station in the Dallas Division, the court need not resolve whether the "Chief Judge of the United States District Court for the Northern District of Texas—Dallas Division" is the same judge as the Chief Judge of this court, or instead is the most senior judge in precedence of the judges whose duty stations are in the Dallas Division.  In this instance, each position is held by the same judge.

opposes the application on the ground that it is not necessary, and, in the alternative, requests that the court appoint an arbitrator who does not work or reside in Texas.[2]

## II

The court first considers whether it has authority to appoint an arbitrator.[3]

Beech Street does not challenge the court's authority to appoint an arbitrator; instead, it posits that the court should refrain from making an appointment because there is another option available to the parties.[4]  BHCS maintains that § 5 of the Federal Arbitration Act

---

[2]On May 13, 2013 Beech Street filed an unopposed motion for leave to file a surreply. The court grants the motion.  Because the proposed surreply is attached to the motion for leave, the court has been able to consider it and determine that it does not change the result or reasoning of this decision.  The court is therefore deciding BHCS's application without granting BHCS leave to file a final reply brief, which would be the normal procedure when a surreply is allowed.  *See Springs Indus., Inc. v. Am. Motorists Ins. Co.*, 137 F.R.D. 238, 239-40 (N.D. Tex. 1991) (Fitzwater, J.).

[3]For purposes of this decision, the undersigned declines to make the appointment in his individual capacity as Chief Judge according to the Agreement, and instead does so under the authority of the Federal Arbitration Act.  *See infra* note 7.  The undersigned does not suggest that a judicial officer named in a private parties' contract should or should not act when requested to do so in an individual capacity.

[4]Beech Street proposes that the parties approach the American Health Lawyers Association ("AHLA") for a list of potential arbitrators.  The parties could privately rank each potential arbitrator and then AHLA could make the final decision on whom to appoint. BHCS responds that Beech Street's proposal asks the court to rewrite the Agreement, which is prohibited under 9 U.S.C. § 5.  Section 5 provides, in relevant part, that "[i]f in the agreement provision be made for a method of naming or appointing an arbitrator or arbitrators or an umpire, such method shall be followed."  *See also BP Exploration Libya Ltd. v. ExxonMobil Libya Ltd.*, 689 F.3d 481, 491 (5th Cir. 2012) ("Courts will not hesitate to vacate an award if arbitrators are not selected pursuant to the method specified in an arbitration agreement." (citing *Bulko v. Morgan Stanley DW Inc.*, 450 F.3d 622, 625 (5th Cir. 2006)).  The court declines to adopt Beech Street's proposal because imposing it on the parties would violate § 5.  *See Bulko*, 450 F.3d at 625 (collecting cases that vacated arbitration decisions for choosing arbitrators by different means than provided for in

("FAA"), 9 U.S.C. § 5, grants the court subject matter jurisdiction to appoint an arbitrator, but does not explain how.  *See* P. Br. 2-3 ("This Court has subject matter jurisdiction over this controversy pursuant to 9 U.S.C. § 5, which states that 'upon the application of either party to the controversy the court shall designate and appoint an arbitrator or arbitrators or umpire, as the case may require[.]'").

Courts have "very limited" jurisdiction under the FAA to intervene in the arbitral process before an award.  *BP Exploration Libya Ltd. v. ExxonMobil Libya Ltd.*, 689 F.3d 481, 490-91 (5th Cir. 2012).

> 9 U.S.C. § 5 authorizes a court to intervene to select an arbitrator upon application of a party, in three instances: (1) if the arbitration agreement does not provide a method for selecting arbitrators; (2) if the arbitration agreement provides a method for selecting arbitrators but any party to the agreement has failed to follow that method; or (3) if there is a lapse in the naming of an arbitrator or arbitrators.

*Id.* at 491 (citation and internal quotation marks omitted).[5]  Although BHCS does not specify

---

contract).

[5]9 U.S.C. § 5 provides, in relevant part:

> If in the agreement provision be made for a method of naming or appointing an arbitrator or arbitrators or an umpire, such method shall be followed; but if no method be provided therein, or if a method be provided and any party thereto shall fail to avail himself of such method, or if for any other reason there shall be a lapse in the naming of an arbitrator or arbitrators or umpire, or in filling a vacancy, then upon the application of either party to the controversy the court shall designate and appoint an arbitrator or arbitrators or umpire, as the case may require, who shall act under the said agreement with the same

which circumstance applies here to confer jurisdiction on the court to appoint an arbitrator, the court concludes that it has the authority under the FAA to make the requested appointment because there has been "a lapse in the naming of an arbitrator." 9 U.S.C. § 5.

"Lapse" means "a lapse in time in the naming of the arbitrator or in the filling of a vacancy on a panel of arbitrators, or some other mechanical breakdown in the arbitrator selection process." *BP Exploration Libya*, 689 F.3d at 491-92 (quoting *In re Salomon S'holders' Derivative Litig.*, 68 F.3d 554, 560 (2d Cir. 1995)) (internal quotation marks omitted). *BP Exploration Libya* held that § 5 authorized the district court to exercise appointment power because the parties "h[ad] reached an impenetrable deadlock over the appointment of arbitrators to hear their dispute." *Id.* at 492. The deadlock arose because the arbitration involved three parties who each sought to appoint an arbitrator, but the agreement, like the one here, provided for a three-arbitrator panel consisting of only two party-appointed arbitrators and one neutral arbitrator selected by the other two. *See id.* As the court explained,

> [t]he parties attempted to resolve the impasse for months, floating numerous ideas to no avail. Absent judicial intervention, the breakdown in the parties' appointment process might indefinitely delay arbitration proceedings, the exact scenario Congress sought to avoid in enacting § 5 by providing parties recourse to the courts. Accordingly, there was a lapse under 9 U.S.C. § 5, authorizing the district court to intervene and exercise appointment power.

---

> force and effect as if he or they had been specifically named therein[.]

*Id.* at 492-93 (citation and internal quotation marks omitted).

A similar impasse has arisen here. BHCS filed the instant application after more than five months had elapsed since the parties appointed arbitrators. The arbitrators have not agreed on any of the at least 14 candidates whom they have considered.[6] The deadlock apparently concerns the parties' disagreement over whether the arbitrator should be one who works and resides in Texas. Because the parties have been unable to resolve this difference and several months have elapsed, the court holds that a lapse has occurred, which grants the court authority under 9 U.S.C. § 5 to appoint an arbitrator.[7]

### III

The court now turns to the parties' contentions regarding whom to select as the third arbitrator.

Beech Street requests that the court appoint an arbitrator who does not reside or work in Texas because BHCS has a large presence in Texas and thus it will be difficult to find an arbitrator with experience in the health care industry who lacks ties, conflicts of interest, or

---

[6]These candidates include seven whom the American Arbitration Association ("AAA") suggested after a request by Beech Street's arbitrator. He requested arbitrators who worked and resided outside of Texas, but through an alleged misunderstanding the AAA provided a list of only Texas arbitrators.

[7]The court concludes that a lapse has occurred within the scope of 9 U.S.C. § 5, even though the Agreement expressly authorizes the Chief Judge to appoint the third arbitrator, meaning that the undersigned as Chief Judge could make the appointment under the terms of the Agreement itself. Because the undersigned declines to make the appointment in his individual capacity as Chief Judge, *see supra* note 3, the Agreement no longer provides an available method for appointing an arbitrator, and this lapse authorizes the court under § 5 to appoint an arbitrator.

bias relating to BHCS.  BHCS responds that a Texas arbitrator would be more qualified and cost-effective since the underlying dispute is governed by Texas law, which would be more familiar to a Texas-based arbitrator, and an arbitrator who resides in Texas would presumably have less travel costs and expenses.

The court concludes that both parties' concerns can fairly and adequately be addressed by appointing Honorable Jeff Kaplan (Ret.), JAMS, 8401 North Central Expressway, Suite 610, Dallas, Texas 75225 (214-744-5267) ("Judge Kaplan"), as the third arbitrator.  Judge Kaplan was until recently a magistrate judge of this court.  He enjoys an excellent reputation as a learned and careful jurist.  His intellect and thorough preparation will enable him to familiarize himself with the subject matter and issues of the parties' dispute.  The court has confirmed that Judge Kaplan is aware of no conflict or other reason that would prevent him from serving impartially as the third arbitrator.

\*   \*   \*

Accordingly, the court grants BHCS's application for appointment of arbitrator and appoints Judge Kaplan as the third arbitrator.

**SO ORDERED**.

May 15, 2013.

SIDNEY A. FITZWATER
CHIEF JUDGE

- 7 -