IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BAYLOR HEALTH CARE SYSTEM, § § Plaintiff, § § § Misc. No. 3:13-MC-054-D VS. § § BEECH STREET CORPORATION, § § Defendant. § | |

MEMORANDUM OPINION
AND ORDER

In *Baylor Health Care System v. Beech Street Corp.*, 2013 WL 2095777, at *2 (N.D. Tex. May 15, 2013) (Fitzwater, C.J.) ("*Baylor I*"), the court, acting under 9 U.S.C. § 5, granted the application of Baylor Health Care System ("BHCS") for appointment of a third arbitrator to a panel to arbitrate a contract dispute between BHCS and Beech Street Corporation ("Beech Street"), appointing Honorable Jeff Kaplan (Ret.) ("Judge Kaplan"). Beech Street now moves to recuse Judge Kaplan and for appointment of a new arbitrator. Concluding that the court lacks the authority under either the Federal Arbitration Act ("FAA") or the parties' arbitration agreement to remove Judge Kaplan as an arbitrator prior to the issuance of an arbitration award, the court denies the motion.

I

Because the background facts and procedural history of this case are adequately presented in *Baylor I*, the court will recount only the background facts and procedural history necessary to understand the present decision. BHCS and Beech Street are currently

...

arbitrating a contract dispute. Their contract includes an arbitration agreement ("Agreement") that provides, in pertinent part, for a panel of three arbitrators to arbitrate unresolved claims or controversies. Under the Agreement, each party appoints one arbitrator and the two arbitrators appoint a third. If the two party-appointed arbitrators fail to appoint a third arbitrator, as required under the Agreement, "any Party may apply to the Chief Judge of the United States District Court for the Northern District of Texas—Dallas Division for an appointment of a third Arbitrator." *Baylor I*, 2013 WL 2095777, at *1.

BHCS filed a demand for arbitration in August 2012 and appointed the first arbitrator. Beech Street provided notice to BHCS in October 2012 that it had appointed the second arbitrator. When the two party-appointed arbitrators were unable to agree on a third arbitrator, BHCS applied to this court for the appointment of a third arbitrator. In *Baylor I* the court held that a lapse in the naming of an arbitrator had occurred and that it was therefore authorized to appoint an arbitrator pursuant to 9 U.S.C. § 5. *Id.* at *2.[1] The court appointed Judge Kaplan, a former magistrate judge of this court, as the third arbitrator. *Id.* at *3.

Judge Kaplan works as an arbitrator through JAMS. Following his appointment, JAMS advised the parties that Judge Kaplan had declined to participate in a mediation in another case that involved BHCS and Jeff Cody, Esquire ("Cody"), counsel for BHCS.

---

[1] In appointing an arbitrator pursuant to 9 U.S.C. § 5, the undersigned expressly declined to make the appointment in his individual capacity as Chief Judge according to the Agreement. *Baylor I*, 2013 WL 2095777, at *1 n 3.

Beech Street maintains that, through its own research, it has discovered that during his tenure as a magistrate judge, Judge Kaplan presided over at least four lawsuits that involved Cody, BHCS, a company related to Beech Street, and the exact subject matter and issues asserted in the instant arbitration. Based on this information, Beech Street notified JAMS that it objected to Judge Kaplan's acting as arbitrator, and it demanded that he recuse himself. JAMS responded by letter that Judge Kaplan did not perceive any basis for recusal, that he remained willing and able to serve as the third arbitrator, and that "[g]iven that Judge Kaplan was appointed by the Court pursuant to a process required by the parties' arbitration agreement, [Beech Street's] objection and any response thereto should be directed to the court." D. App. Ex. 6.[2] Beech Street then filed the instant motion to recuse Judge Kaplan and for appointment of a new arbitrator. BHCS opposes the motion.[3]

II

Beech Street's motion turns on whether the court is authorized under the FAA or the Agreement to remove an appointed arbitrator before the panel issues its award.

It is "well established" in the Fifth Circuit that, "prior to issuance of an award, a court may not make inquiry into an arbitrator's capacity to serve based on a challenge that a given arbitrator is biased." *Gulf Guar. Life Ins. Co. v. Conn. Gen. Life Ins. Co.*, 304 F.3d 476, 490

---

[2]The court cites the appendix in this manner because Beech Street did not paginate it as N.D. Tex. Civ. R. 7.1(i)(4) requires.

[3]As permitted by N.D. Tex. Civ. R. 7.1(f), the court in its discretion is deciding this motion prior to receipt of a reply brief. *See Solomon v. Godwin & Carlton, P.C.*, 898 F. Supp. 415, 416 n.2 (N.D. Tex. 1995) (Fitzwater, J.) (applying former Local Rule 5.1(f)).

(5th Cir. 2002) (citing *Aviall, Inc. v. Ryder Sys., Inc.*, 110 F.3d 892, 895 (2d Cir. 1997)). Although the FAA permits the *appointment* of arbitrators under certain limited circumstances,[4] because there is "no authorization under the FAA's express terms for a court to *remove* an arbitrator from service," if either party to the arbitration suspects arbitrator bias, the only available remedy under the FAA is to proceed to an award and then seek an order vacating that award under 9 U.S.C. § 10(a).[5] *Id.* ("[E]ven where arbitrator bias is at issue,

---

[4] 9 U.S.C. § 5 provides:

> [i]f in the agreement provision be made for a method of naming or appointing an arbitrator or arbitrators or an umpire, such method shall be followed; but if no method be provided therein, or if a method be provided and any party thereto shall fail to avail himself of such method, or if for any other reason there shall be a lapse in the naming of an arbitrator or arbitrators or umpire, or in filling a vacancy, then upon the application of either party to the controversy the court shall designate and appoint an arbitrator or arbitrators or umpire, as the case may require, who shall act under the said agreement with the same force and effect as if he or they had been specifically named therein[.]

[5] 9 U.S.C. § 10(a) permits a court to

> make an order vacating the award upon the application of any party to the arbitration—
> (1) where the award was procured by corruption, fraud, or undue means;
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

the FAA does not provide for removal of an arbitrator from service prior to an award, but only for potential vacatur of any award."); *see also Aviall*, 110 F.3d at 895 ("Although the FAA provides that a court can vacate an award '[w]here there was evident partiality or corruption in the arbitrators,' . . . it does not provide for pre-award removal of an arbitrator." (quoting 9 U.S.C. § 10)); *Allstate Ins. Co. v. OneBeacon Am. Ins. Co.*, 2013 WL 5604299, at *3 (D. Mass. Oct. 8, 2013) ("[I]t is well-settled in the law of arbitration that . . . [t]he time to challenge an arbitration, on whatever grounds, including bias, is when the arbitration is completed and an award rendered." (quoting *Smith v. Am. Arbitration Ass'n*, 233 F.3d 502, 506 (7th Cir. 2000))). Accordingly, the court is not authorized under the FAA to remove Judge Kaplan as an arbitrator prior to the arbitration panel's issuance of an award in this matter.

Nor does the Agreement grant this court the authority to remove an arbitrator prior to the issuance of an award. The Agreement expressly authorizes the Chief Judge to appoint a third arbitrator if the two party-appointed arbitrators fail to do so. *Baylor I*, 2013 WL 2095777, at *1. The Agreement contains no provision, however, authorizing this or any other court to remove an appointed arbitrator before the arbitration award is issued.

---

(4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

\* \* \*

Accordingly, because the court is not authorized under either the FAA or the Agreement to recuse Judge Kaplan, Beech Street's motion is denied.

**SO ORDERED.**

January 8, 2014.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE